UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RIKI P. WINN, | ) | CASE NO. 5:18cv2869 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Pro se plaintiff Riki P. Winn ("Winn") has filed this *in forma pauperis* action against the State of Ohio. (Doc. No. 1, Complaint ["Compl."].) Winn's one-page complaint does not set forth allegations that are intelligible to the Court. Winn's complaint consists entirely of an assertion that he alleges "Breach of Trust," along with the following statements:

> That on or about the 11th day of April 2009, the [p]laintiff, by his attorney George McDonald, appeared in the Common Pleas Court for a[n] expungement of [Winn's] [c]riminal [r]ecord, [t]he Honorable Judge Spellacy [p]residing, the case [h]eard and [g]ranted.
>
> Wherefore, [the] plaintiff demands judgment in the sum of $100,000, together with costs and disbursements of this action.

(Compl. at 1.[1])

Although pro se pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

Cir. 2011), pro se plaintiffs are still required to meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Further, federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . . when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam).

The Court finds this action must be dismissed in accordance with *Apple v. Glenn*. Winn's complaint is so incoherent, implausible, unsubstantial, and frivolous that it does not meet basic pleading requirements or provide a basis to establish this Court's subject-matter jurisdiction over any claim.

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 15, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**